# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **STACY MICHAEL MEAUX** | **CIVIL ACTION NO. 6:17-CV-00206** |
| **VS.** | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Following initial review of the complaint filed by *pro se* plaintiff Stacy Michael Meaux, the undersigned Magistrate Judge recommends that the complaint be dismissed with prejudice because Mr. Meaux's claim has prescribed.

### *Statement of the Case*

*Pro se* plaintiff Stacy Michael Meaux, proceeding *in forma pauperis*, filed the instant complaint on January 26, 2017. Although Mr. Meaux's suit was filed as a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2241, he was not incarcerated at the time of the filing and his claims described constitutional violations. His request for relief makes reference to the state producing hard drives from his computers. Accordingly, having reviewed the complaint and being unable to discern the true nature of Mr. Meaux's claims, this Court found that an evidentiary hearing in the nature of a motion for more definite statement of the claims, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and 28

U.S.C. § 1915(e)(2)(B), should be held. The hearing was held on April 20, 2017, and Mr. Meaux was permitted to participate in the hearing by telephone because he was unable to arrange transportation from his home in Abbeville, Louisiana to the courthouse in Lafayette, Louisiana.

His complaint makes reference to infringements of his 4th, 6th and 8th amendment rights. [Rec. Doc. 1, pp. 6-7] At the *Spears* hearing, Mr. Meaux confirmed that he intended to assert a claim for lack of adequate medical care while incarcerated in St. Mary Parish from 2012-2013.[1]

## ANALYSIS

### I. THE STANDARD FOR DETERMINING WHETHER A COMPLAINT STATES A CLAIM

Mr. Meaux has been allowed to proceed *in forma pauperis*. With respect to litigants proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2(B) states that "the court shall dismiss the case at any time if the court determines that. . . the action . . . fails to state a claim on which relief may be granted. . . ."

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[2] The plaintiff's

---

[1] Plaintiff also articulated claims related to his incarceration in Tangipahoa Parish. He was instructed that this Court does not have jurisdiction to hear any claim arising out of incarceration in another district, such as Tangipahoa Parish.

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

obligation is "to provide the 'grounds' of his 'entitle[ment] to relief' [and] requires more than labels and conclusions."[3] The allegations must be sufficient "to raise a right to relief above the speculative level,"[4] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[5] Detailed factual allegations are not required, but a formulaic recitation of the elements of a cause of action will not suffice.[6] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[7]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] Furthermore, "determining whether a complaint states a plausible claim for relief . . . [is] a context-specific

---

[3] *Bell Atlantic v. Twombly*, 550 U.S. at 555, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[4] *Bell Atlantic v. Twombly*, 550 U.S. at 555.

[5] *Bell Atlantic v. Twombly*, 550 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

[6] *Bell Atlantic v. Twombly*, 550 U.S. at 555. See, also, *Ashcroft v. Iqbal*, 556 U.S. at 677-678.

[7] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[8] *Ashcroft v. Iqbal*, 556 U.S. at 678.

task that requires the reviewing court to draw on its judicial experience and common sense."[9]

Therefore, once the plaintiff's factual allegations are identified, the court must draw on its judicial experience and common sense and determine whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

In deciding whether a complaint states a claim, the district court must limit itself to the contents of the pleadings, including any attachments thereto.[11] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[12] Conclusory allegations and unwarranted deductions of fact are not accepted as true.[13] Thus, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[14] When a complaint

---

[9] *Ashcroft v. Iqbal*, 556 U.S. at 679.

[10] *Bell Atlantic v. Twombly*, 550 U.S. at 556; *Ashcroft v. Iqbal*, 556 U.S. at 678.

[11] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[13] *Collins v. Morgan Stanley*, 224 F.3d at 498; *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974).

[14] *Bell Atlantic v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. at 286).

asserts only time-barred claims, the complaint fails to state a claim on which relief may be granted by the court.[15]

## II.     28 U.S.C. §2241/28 U.S.C. §1983

At the outset, this Court is called upon to determine whether to treat these pleadings as a petition for *habeas corpus,* pursuant to 28 U.S.C. §2241, or a civil rights complaint under 42 U.S.C. § 1983.

"Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. See *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. See *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989)." *Carson v. Johnson*, 112 F.3d 818, 820.

The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings: If "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," *Orellana v. Kyle*, 65

---

[15] *King-White v. Humble Independent School Dist.*, 803 F.3d 754, 758 (5th Cir. 2015); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) ("a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action."). See, also, *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir. 1977) ("A Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense.").

F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996), the proper vehicle is a § 1983 suit.

A district court may construe a *habeas* petition attacking conditions of confinement as a civil rights action under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971).

In his complaint, Mr. Meaux alleged that the defendants violated his constitutional rights. Although he does not mention 42 U.S.C. § 1983, this Court interprets his claims as Section 1983 claims.

Section 1983 does not create substantive rights;[16] it is a procedural rule that provides a private cause of action for redressing a violation of federal law. Therefore, an underlying constitutional or statutory violation is a predicate to any theory of liability under § 1983.[17] Generally, three elements must be established in a § 1983 action: (1) deprivation of a right secured by federal law, (2) that occurred under color of state law, and (3) was caused by a state actor.[18] Because there is no federal statute of limitations for § 1983 claims, the forum state's statute

---

[16] *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).

[17] *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1575 (5th Cir. 1989).

[18] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

of limitations for personal injury claims is borrowed and applied.[19] In Louisiana, the one-year prescriptive period established in Civil Code Article 3492 applies to § 1983 claims.[20] "Although state law controls the statute of limitations for § 1983 claims, federal law determines when a cause of action accrues."[21] Under the federal standard, a cause of action accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."[22]

### III. MR. MEAUX'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff complains that he received inadequate medical care while incarcerated in St. Mary Parish in 2012-2013. As his complaint was filed well beyond the expiration of the 1-year period of limitations, this claim is time barred.

Under some circumstances, a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which the court can grant relief should be without

---

[19] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007); *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n. 5 (5th Cir. 1995); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992).

[20] *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)).

[21] *Rodriguez v. Holmes*, 963 F.2d at 803 (citing *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991)).

[22] *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998); *Rodriguez v. Holmes*, 963 F.2d at 803.

prejudice. However, when it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved, the dismissal should be with prejudice.[23] In this case, Mr. Meaux's testimony with regard to the timing of the events underlying his claim persuades this Court that it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Accordingly, this Court concludes that Mr. Meaux's time-barred claim should be dismissed with prejudice.

## CONCLUSION

The events underlying Mr. Meaux's claim of inadequate medical care occurred more than one year before he filed this lawsuit. But a Section 1983 claim must be filed not more than one year after the actions or omissions complained about. Therefore, Mr. Meaux's claim is time barred. Because his claims is time barred, Mr. Meaux has not stated a claim upon which relief can be granted. Accordingly, this Court recommends that Mr. Meaux's claim be dismissed with prejudice.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from

---

[23] *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 509 (5th Cir.1999); *Guerrero v. Hauck*, 502 F.2d 579, 580 (5th Cir. 1974). See, also, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 25th day of April 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE